IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS,
SAN ANTONIO DIVISION

| | |
|---|---|
| LHAGS, INC., <br><br>   Plaintiff, <br><br> v. <br><br> ALTOS HORNOS DE MEXICO, S.A.B., C.V., and its successors and assigns, <br><br>   Defendant. | Case No. _____ <br><br> Judge _____ <br><br> JURY DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW LHAGS, Inc. d/b/a LTE Rail Services, Plaintiff, and files this Original Complaint against Altos Hornos de Mexico, S.A.B., C.V., Defendant, and for causes of action would respectfully show the Court the following:

### PARTIES

1.   The Plaintiff in this matter is LHAGS, Inc. d/b/a LTE Rail Services ("LHAGS"), an Ohio corporation licensed to do business in the State of Ohio with its principal place of business in Warren, Ohio. LHAGS is in the business of purchasing and refurbishing used locomotives. LHAGS leases refurbished locomotives to short-track railroads and other companies.

2.   The Defendant is Altos Hornos de Mexico, S.A.B., C.V. ("AH"), as well as its successors and assigns, a Mexican corporation with its principal place of business in Monclova, Coahuila, Mexico and conducting business in the United States.

3.   AH previously declared bankruptcy in Mexico, and upon said bankruptcy's termination, AH was forced into a new bankruptcy in Mexico. After a diligent search, LHAGS

72553444;3

is unaware of any pending United States court order that would prevent this matter from moving forward.

## JURISDICTION AND VENUE

4. On or about May 28, 2014, LHAGS entered into a Locomotive Lease with AH for the lease of six Locomotives which were delivered to AH as required (the "Locomotives"), in Lordstown, Ohio, with AH responsible for ultimate delivery to Mexico. A copy of the Lease is attached hereto and marked Exhibit A (the "Locomotive Lease").

5. This case concerns AH's failure to fully pay its lease payments for the Locomotives it leased from LHAGS pursuant to the Locomotive Lease, even as it continues to possess those locomotives. AH's failure to pay its lease payments constitutes an Event of Default as defined under the Locomotive Lease. (Ex. A, at ¶ 18(a)). As a result of this default, AH no longer has the right to possess the Locomotives. AH must pay those monies it owes and return the Locomotives it has in its possession in the functional condition required by its contracts with LHAGS. (*Id.*, at ¶ 19(iii-iv)).

6. AH has converted the Locomotives by failing to return them and, on information and belief, by destroying or allowing the Locomotives to be destroyed.

7. The amount at issue is in excess of $75,000 and the parties are citizens of different countries. As such, jurisdiction is proper pursuant to 42 U.S.C. § 1332.

8. AH contractually agreed to jurisdiction and venue in the federal courts of San Antonio, Texas. (*Id.*, at ¶ 23(f)).

## FACTS RELEVANT TO ALL COUNTS

9. By its terms, the Locomotive Lease prohibits transfer or assignment of the Locomotive Lease.

10. The Locomotive Lease grants LHAGS a security interest in the Locomotives in addition to title.

11. The Locomotive Lease is governed by Ohio law.

12. AH is in material breach of the Locomotive Lease and therefore no longer has the right to possess the Locomotives.

13. When the Locomotives are returned, AH must return them at its expense to LHAGS's headquarters at the Ohio Commerce Center, Lordstown, Ohio in "fully operational" condition.

14. AH has refused to return the Locomotives despite LHAGS's request.

15. On information and belief, the Locomotives are not being maintained and/or are destroyed.

## COUNT I
### Breach of Locomotive Lease – Failure To Make Payment

16. AH has failed to make lease payments as required under the Locomotive Lease, an amount that continues to increase because it maintains possession over the Locomotives.

17. AH has failed to make any payments due to LHAGS under the Locomotive Lease since June 1, 2021.

18. Because AH is in default under the Locomotive Lease, the amount due under the Locomotive Lease is accelerated, including monies otherwise not yet due.

19. All amounts due have accrued interest at 1% monthly rate and continue to accrue such interest through judgment and collection.

20. AH therefore owes LHAGS substantial monies pursuant to the Locomotive Lease, including past due lease payments, future lease payments or, alternatively, lost business value of the Locomotives to LHAGS's other customers, and such other damages as may be shown.

72553444;3

21. Pursuant to the Locomotive Lease, LHAGS has a valid security interest in the Locomotives.

22. LHAGS is further entitled to damages arising from AH's failure to maintain and/or return the Locomotives.

23. Additionally, LHAGS is entitled to reimbursement of its attorneys' fees and all related costs, including any costs of return incurred.

WHEREFORE, LHAGS respectfully requests judgment against AH and the following relief:

    a. An award of all money due to LHAGS under the Locomotive Lease, plus interest at 1% per month rate, plus such accruing interest through judgment and collection;

    b. An order enforcing LHAGS's valid security interest;

    c. An award of reasonable attorneys' fees and costs; and

    d. such other and further relief this Court deems appropriate, including without limitation additional damages as may be proven.

## COUNT II
**Breach of Locomotive Lease – Specific Performance**

24. AH has breached the terms of the Locomotive Lease as it has failed to make lease payments as required under the Locomotive Lease.

25. Having breached the Locomotive Lease, AH is no longer entitled to maintain possession of the Locomotives.

26. The Locomotives must be returned in the manner and condition set out in the Locomotive Lease.

27. AH must therefore return the Locomotives in fully operational condition and such return must be at AH's expense to Lordstown, Ohio.

28. LHAGS is entitled to specific performance by AH pursuant to the applicable covenants of the Locomotive Lease.

29. LHAGS is further entitled to its attorneys' fees and costs.

30. LHAGS is entitled to enforce its lien rights.

WHEREFORE, LHAGS respectfully requests judgment against AH and the following relief:

a. An order of specific performance entered against AH requiring AH to fulfill the terms of the Locomotive Lease;

b. An order requiring AH to return the Locomotives at its expense in fully operational condition to Lordstown, Ohio;

c. An award of all sums due to LHAGS for AH's breach of the terms of the Locomotive Lease and necessary to compensate LHAGS for the loss of use of its Locomotives, including the fair market value of the Locomotives and damages for the loss rental value of the Locomotives;

d. An order enforcing LHAGS' lien rights; and

e. such other and further relief this Court deems appropriate, including reasonable attorneys' fees or, alternatively, such monetary compensation as may be necessary to compensate LHAGS in the event AH refuses to comply with a specific performance order.

## COUNT III
## Statutory Replevin Pursuant to Ohio Revised Statute 2737.08

31. The Locomotive Lease is governed by Ohio law.

32. Ohio law provides for the return of personal property by motion.

33. LHAGS satisfies the basis for return of its property, the Locomotives.

34. As such, LHAGS is entitled to the return of its personal property by Motion under Ohio Revised Statute 2737.08 as well as such other and further relief this Court deems appropriate, including, but not limited to, mandating AH's compliance with the Return Conditions.

35. By way of alternative pleading, LHAGS seeks equivalent relief of statutory replevin pursuant to Texas or, alternatively, Mexican law.

WHEREFORE, by way of alternate pleading, LHAGS seeks:

a. An order mandating the return of the Locomotives, at AH's expense; and

b. such other and further relief this Court deems appropriate, including an order and an award of reasonable costs and fees and such other damages as may be proven.

## COUNT IV
## Conversion

36. The Locomotives are personal property as defined under Ohio law.

37. AH has maliciously and without justification not only refused to return the Locomotives, but on information and belief, concealed and destroyed the Locomotives.

38. AH's actions constitute conversion under Ohio law and allow for an award of compensatory, consequential, and punitive damages.

WHEREFORE, by way of alternate pleading, LHAGS seeks:

a. An order mandating the return of the Locomotives, at AH's expense; and

b. such other and further relief this Court deems appropriate, including an order and an award of reasonable costs and fees and such other damages as may be proven including but not limited to compensatory, consequential and punitive damages.

DATED:  October 26, 2023.

Respectfully submitted,

<u>/s/ Danya W. Blair</u>
Danya W. Blair
Texas Bar No. 00790315
Akerman LLP
112 East Pecan Street
Suite 2750
San Antonio, TX 78205
Tel: 210.582.0220
Fax: 210-582-0231
<u>danya.blair@akerman.com</u>

Jeffrey J. Mayer
IL Bar No. 6194013
*Pro Hac Vice application to be filed*
Jani K. Mikel
IL Bar No. 6331445
*Pro Hac Vice Application to be filed*
Akerman LLP
71 South Wacker Drive, Suite 4700
Chicago, IL  60606
Tel.:  (312) 634-5700
Fax: 312.424.1900
jeffrey.mayer@akerman.com
<u>jani.mikel@akerman.com</u>

*Attorneys for Plaintiff LHAGS, INC.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 26, 2023, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.

                                              */s/ Danya W. Blair*
                                              Danya W. Blair